J-S21022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROANLD[1] ANSEL PATTERSON | : | |
| | : | |
| Appellant | : | No. 1215 WDA 2019 |

Appeal from the PCRA Order Entered July 12, 2019
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0001637-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROANLD ANSEL PATTERSON | : | |
| | : | |
| Appellant | : | No. 1216 WDA 2019 |

Appeal from the PCRA Order Entered July 12, 2019
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0002259-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD PATTERSON | : | |
| | : | |
| Appellant | : | No. 1217 WDA 2019 |

Appeal from the PCRA Order Entered July 12, 2019

---

[1] Two of the captions in the court of common pleas dockets contained the misspelling of "Ronald."

In the Court of Common Pleas of Washington County Criminal Division at No(s): CP-63-CR-0000052-2014

BEFORE: LAZARUS, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                                    **FILED MAY 15, 2020**

Appellant, Ronald Patterson, appeals from the Order denying the relief requested in his first Petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-45 ("PCRA"). He asserts ineffective assistance of trial, post-trial, and appellate counsel. Because Appellant's PCRA Petition was not timely filed, and Appellant failed to assert any exceptions to the PCRA's one-year filing requirement, the court of common pleas was without jurisdiction to review the merits of the Petition. This Court is, likewise, without jurisdiction to review the Petition. We, thus, affirm the Order denying relief.

We need not recite the underlying history of this case in detail. In sum, a jury found Appellant guilty of one count each of aggravated assault, resisting arrest, and harassment, and two counts of simple assault in connection with three domestic relations altercations. On March 9, 2018, after this Court's review on direct appeal and remand for resentencing,[2] the trial court

---

[2] *See Commonwealth v. Patterson*, Nos. 1758-1760 WDA 2016, at 11 (Pa. Super. filed Dec. 21, 2017) (vacating Appellant's resisting arrest conviction and sentence, affirming his remaining convictions, and remanding for resentencing).

resentenced Appellant to 4¾ to 9½ years' incarceration. Appellant did not file a direct appeal. His sentence, thus, became final on April 9, 2018.[3]

On May 20, 2019, Appellant filed a counseled PCRA Petition raising claims of ineffective assistance of counsel. After filing a Notice of Intent to Dismiss without a Hearing pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed the Petition on July 12, 2019.[4]

Appellant filed a timely Notice of Appeal. He raises seven issues for our review, including five claims asserting that trial and appellate counsel provided ineffective assistance. Appellant's Brief at 4-5.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

---

[3] The docket indicates that on March 22, 2018, the Court granted a Motion for appointment of conflict counsel. On October 4, 2018, Appellant filed a *pro se* Motion for Withdrawal of Counsel, which the court denied. On December 27, 2018, Appellant filed a *pro se* Motion for Appointment of Counsel and the court appointed counsel for the purpose of filing a PCRA petition. However, on January 7, 2019, that counsel filed a Motion to Withdraw Appearance. On January 17, 2019, the court appointed Appellant's current PCRA counsel.

[4] The PCRA court addressed Appellant's ineffectiveness claims in its Rule 907 Notice. *See* Order and Notice, dated June 19, 2019, at 4-14.

Before we are able to consider the merits of Appellant's claims on appeal, however, we must determine whether the Petition was untimely, thus depriving us of jurisdiction to decide its merits.

In order to obtain relief under the PCRA, a petition must be timely filed. *See* 42 Pa.C.S. § 9545 (providing jurisdictional requirements for the timely filing of a petition for post-conviction relief). A petition must be filed within one year from the date the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review by the Pennsylvania Supreme Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S. § 9545(b)(3). "The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed." *Commonwealth v. Jones*, 54 A.3d 14, 17 (Pa. 2012).

> Jurisdictional time limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits. If the petition is determined to be untimely, and no exception has been pled and proven, the petition **must be dismissed** without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition.

*Commonwealth v. Jackson*, 30 A.3d 516, 519 (Pa. Super. 2011) (internal quotation marks, brackets and citations omitted; emphasis added).

Appellant's Petition, filed nearly one year and six weeks after his Judgment of Sentence became final, is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if an appellant pleads and proves one of the three exceptions set forth in Section 9545(b)(1).[5] Our review of Appellant's PCRA Petition indicates that he raised only challenges to the stewardship of trial, post-trial, and appellate counsel. "It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." *Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005). *See Commonwealth v. Pursell*, 749 A.2d 911, 915-16 (Pa. 2000) (holding that a claim that all prior counsel rendered ineffective assistance did not invoke timeliness. *Commonwealth v. Lark*, 746 A.2d 585, 589 (Pa. 2000) (holding that an allegation of ineffective assistance of counsel is not sufficient

---

[5] An untimely PCRA Petition may be reviewed if the petitioner pleads and proves the applicability of one of the following exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii); *Commonwealth v. Edmiston*, 65 A.3d 339, 345 (Pa. 2013).

justification to overcome an otherwise untimely PCRA claims). As noted above, there is "no authority wherein the appellate courts of this Commonwealth have recognized a PCRA court's inherent jurisdiction to consider a claim filed after the expiration of the PCRA filing period" where no timeliness exceptions apply. *Jackson, supra* at 519.[6]

Because Appellant filed his PCRA Petition six weeks late, and did not plead and prove the applicability of any of the timeliness exceptions, the trial court was without jurisdiction to review the merits of the issues raised. This Court is likewise without jurisdiction. We, thus, affirm the Order denying relief.[7]

Order affirmed.

---

[6] In his Reply Brief, Appellant acknowledges the untimeliness of the PCRA Petition, but contends that the docket shows that "undersigned counsel was granted two extensions of time to file his PCRA petition." Reply Brief at 3. As noted above, it is well-settled that no court has the authority to expand the PCRA's mandatory jurisdictional time requirements. Moreover, the docket indicates that the court granted extensions of time to file an "amended PCRA Petition," apparently acting on the impression that a PCRA petition had already been timely filed. The only PCRA Petition in this case was the instant untimely Petition filed by "undersigned counsel" on May 20, 2019.

[7] "This Court may affirm a PCRA court's decision on any grounds if the record supports it." *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012) (citation omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/15/2020